A01A1761. IN THE INTEREST OF C. S., a child.
(554 SE2d 558)

BARNES, Judge.

C. S. appeals from her adjudication of delinquency for committing aggravated assault,[1] asserting that (1) the trial court erred by denying her motion for a directed verdict at the close of the State's case and (2) insufficient evidence supports the conclusion that she committed aggravated assault. For the reasons that follow, we reverse.

> In considering a challenge to the sufficiency of the evidence supporting an adjudication of delinquency, we construe the evidence and every inference from the evidence in favor of the juvenile court's adjudication to determine if a reasonable finder of fact could have found, beyond a reasonable doubt, that the juvenile[ ] committed the acts charged.

(Citations omitted.) *In the Interest of R. L. W.,* 225 Ga. App. 253, 254 (2) (483 SE2d 361) (1997).

Viewed in the light most favorable to the finding that C. S. committed aggravated assault, the record shows that a police officer, the victim in the aggravated assault charged against C. S., arrived at the residence of C. S. and her family in response to a domestic violence call. When he turned the corner into the living room area, C. S. was standing near the kitchen entrance and holding a steak knife with a blade approximately four inches in length. The officer testified that the knife was neither "straight down" nor "straight up," nor was it pointed toward him, but rather "[i]t was level, probably facing the ground" and "[k]ind of down to her side." The distance between the officer and C. S. was three to five feet. The officer told her to put the knife down, which elicited no response. He then drew his handgun and told her twice more to drop the knife.

Throughout the encounter, C. S. remained still, continuing to hold the knife in the way just described. After the third instruction to drop the knife, C. S.' father took the knife from her with no resistance. The officer testified that he "felt I was starting to become the

[1] At the outset of the delinquency hearing below, C. S. admitted committing disorderly conduct, but denied the other charge of aggravated assault.

victim because the family was concerned about [C. S.'] safety as well because there's a police officer that was aiming a firearm at their daughter." A defense witness testified that the officer was "shaking." The officer answered "no" when asked whether C. S. was "irate" and then gave the following answer to the next question of whether she was "angered":

> It . . . was hard to understand what type of mental status she was in at that point due to the fact she wasn't even looking at my weapon. This is what unnerved me about this situation . . . is that she didn't even look at the weapon. . . . She looked straight in my eyes, did not have any fear whatsoever that a police officer was telling her what to do and she wasn't doing it.

C. S.' father testified for the defense that he taught all his children that if a policeman says something to them, they should "stop right there . . . [s]o that [sic] what she had done, she had froze right there looking down the barrel of that pistol. . . ."

Because "[t]he standard of review for the denial of a motion for directed verdict of acquittal is the same as that for reviewing the sufficiency of the evidence to support [an adjudication]," we will analyze both of C. S.' enumerations of error together. *Copeland v. State*, 248 Ga. App. 346, 350 (4) (546 SE2d 351) (2001).

The elements of aggravated assault relevant to this case are (1) assault (2) "[w]ith a deadly weapon or with any object . . . which, when used offensively against a person, is likely to . . . result in serious bodily injury." OCGA § 16-5-21 (a) (2). C. S. raises no issue with respect to the second element. As to the first element, "simple assault" is defined as either attempting to commit a violent injury to the person of another or committing an act that places another in reasonable apprehension of immediately receiving a violent injury. OCGA § 16-5-20 (a).[2]

With respect to the attempt alternative, OCGA § 16-4-1 provides that "[a] person commits the offense of criminal attempt when, with intent to commit a specific crime, he performs any act which constitutes a substantial step toward the commission of that crime." We find no evidence in the record from which an intent to commit battery[3] could be inferred, nor do we find evidence that C. S. performed

---

[2] "[C]entral to the offense of aggravated assault is that an assault *as defined in OCGA § 16-5-20* be committed on the victim." (Emphasis supplied.) *Brinson v. State*, 272 Ga. 345, 347 (1) (529 SE2d 129) (2000).

[3] "[A]ssault is an attempted battery." (Citations and punctuation omitted.) *Butler v. State*, 194 Ga. App. 895, 897 (2) (392 SE2d 324) (1990).

any act constituting a substantial step toward the commission of battery.[4] As to the former, the most that can be inferred from the evidence is an intent to defy authority. As to the latter, the only thing C. S. "did" with respect to the officer was to fail to obey his commands to drop the knife, and there is no direct evidence that she even heard or understood his commands. While this might have supported a charge of obstructing a law enforcement officer (OCGA § 16-10-24), we have found no case, nor has the State cited one, that holds that such *in*action is the performance of an act that constitutes a substantial step toward the commission of battery. Compare *Smith v. State*, 250 Ga. App. 465 (552 SE2d 468) (2001) (directing victim to get her purse and threatening to use, though not displaying, a gun were acts constituting a substantial step toward robbery).

With respect to the reasonable apprehension alternative of simple assault, it is clear that the officer was apprehensive of immediately receiving a violent injury, and it may well be that such apprehension was reasonable. Still lacking, however, is evidence that would satisfy the element of "[c]ommits an act." OCGA § 16-5-20 (a) (2). As our Supreme Court stated in *State v. Rooks*, 266 Ga. 528, 529 (1) (468 SE2d 354) (1996), "an assault . . . requires a demonstration of violence." We are unable to discern from the record how C. S. may be said to have committed an act or given a demonstration of violence.

Accordingly, we find that there is no evidence of an act, a necessary element of both the attempt and the reasonable apprehension alternatives of simple assault, and we therefore find insufficient evidence supports the aggravated assault portion of C. S.' adjudication of delinquency.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED AUGUST 28, 2001.

*Sullivan & Sturdivant, Ryan M. Reid, Michele W. Ogletree*, for appellant.

*William T. McBroom III, District Attorney, James E. Sherrill, Assistant District Attorney*, for appellee.

---

[4] "Since assault is an attempted battery, there must be a substantial step toward committing a battery before there can be an assault." (Citations and punctuation omitted.) Id.