A09A2194. PRESTON v. THE STATE.

(685 SE2d 420)

ANDREWS, Presiding Judge.

On appeal from his conviction for aggravated assault, Nkosi Preston argues that the evidence was insufficient. We affirm.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only whether, after viewing the evidence in the light most favorable to the prosecution, a "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the record shows that the victim was working in the early morning when he pulled his car up to a stop sign located in front of the house where a motorcycle slated for repossession was supposed to be. Unable to spot the motorcycle, the victim began to examine his paperwork. As he did so, Preston opened the victim's passenger door holding a serrated steak knife in his left hand, sat down, and demanded that the victim take him to a nearby location. He then laid his hand on the car's middle console with the blade of the knife pointed away from the victim.

The victim drove to a nearby store where he had earlier seen a police car and told Preston that he was going to stop at the store. When Preston did not object, the victim left his car and spoke to the officer, who approached the car and arrested Preston without incident. Preston was charged with kidnapping, aggravated assault, and possession of a knife during the commission of a crime. A jury found him guilty of aggravated assault and acquitted him of the other charges.

Preston argues that our holding in *In the Interest of C. S.*, 251 Ga. App. 411 (554 SE2d 558) (2001), mandates reversal in this case. We disagree.

In that case, C. S. was standing at a distance of "three to five feet" and holding a knife at her side without pointing it at an officer. *In the Interest of C. S.*, 251 Ga. App. at 411. C. S. disobeyed the officer's commands to drop the knife before she was disarmed by her father. Id. We held that these circumstances did not show an assault because C. S.'s inaction did not amount to the commission of an act. Id. at 413, citing OCGA § 16-5-20 (a).

Here, Preston entered the car without permission, demanded to be driven somewhere, and sat down next to the victim with the knife in his hand. Although it is true that Preston did not point the knife directly at the victim, he held that knife in his left hand as it rested on the middle console of the car — that is, only inches from the victim's side. A jury could reasonably conclude from this evidence that Preston's act of sitting down immediately next to the victim with a knife in his left hand put the victim "in reasonable apprehension of immediately receiving a violent injury," OCGA § 16-5-20 (a) (2), by means of a deadly weapon, OCGA § 16-5-21 (a) (2). The evidence was thus sufficient to sustain Preston's conviction for aggravated assault. *In the Interest of J. A. C.*, 291 Ga. App. 728 (662 SE2d 811) (2008) (evidence that juvenile twisted baton out of arresting officer's hands and advanced on him with the baton in his hand sufficed to sustain an adjudication of delinquency concerning an aggravated assault).

*Judgment affirmed. Miller, C. J., and Barnes, J., concur.*

DECIDED OCTOBER 8, 2009.

*Kelley A. Dial*, for appellant.
*T. Joseph Campbell, District Attorney*, for appellee.