## A11A0499. BUFORD v. THE STATE.

(710 SE2d 582)

PHIPPS, Presiding Judge.

A robbery incident led to numerous criminal convictions for Maurice Buford. In this appeal, he contends that the evidence was insufficient to support his convictions for armed robbery and theft by taking. We affirm.

When an appellant challenges the sufficiency of the evidence to support the conviction, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[1]

The state's witnesses testified to the following at the jury trial. On September 17, 2008, an acquaintance of Buford drove him to an apartment, purportedly to buy marijuana through a person who lived there. While Buford and the acquaintance were inside the apartment with several other individuals, Buford brandished a gun and demanded cell phones and money. One of the individuals handed Buford his cell phone; another handed Buford money. Buford ran outside, then drove away in his acquaintance's car without her permission.

Police were immediately notified of the incident. Shortly thereafter, several patrol cars engaged in a high speed chase of Buford in the car reported stolen. When the car Buford was driving crashed into a median, he was taken into custody.

Buford challenges the sufficiency of the evidence to support the guilty verdicts upon charges of: (i) armed robbery, by taking a cell phone from one individual, by using a gun; (ii) armed robbery, by taking money from another individual, by using a gun; and (iii) theft by taking his acquaintance's car. He cites what he claims were weaknesses in the state's case, including that the state's witnesses were not credible. With regard to the armed robbery counts, he additionally points out that the pursuing officers found no gun in his possession. And with regard to the theft by taking count, he points to his own testimony that he and his acquaintance had planned the heist and that, in accordance therewith, he had her permission to use her car to leave the scene.

Buford has demonstrated no basis for reversal. The jury, not this court, resolves conflicts in the testimony and weighs the evidence.[2] And decisions regarding credibility are uniquely the province of the

---

[1] *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979).

[2] *Wells v. State*, 297 Ga. App. 153, 154 (1) (676 SE2d 821) (2009).

jury,[3] which was not required to believe Buford's testimony, nor to disbelieve that of the state's witnesses.[4] Where, as here, there was sufficient evidence, even though contradicted, to support each fact necessary to make out the state's case, the jury's verdicts will be upheld.[5]

*Judgment affirmed. Andrews and McFadden, JJ., concur.*

### DECIDED APRIL 18, 2011.

*Brown & Gill, Angela B. Dillon*, for appellant.

*Daniel J. Porter, District Attorney, John A. Warr, Assistant District Attorney*, for appellee.

---

[3] See *Cleveland v. State*, 285 Ga. 142, 147 (674 SE2d 289) (2009).

[4] *Wells*, supra at 157 (1) (b).

[5] *Jackson v. Virginia*, supra; *Wells*, supra at 154 (1); *Feaster v. State*, 283 Ga. App. 417, 418-419 (1) (641 SE2d 635) (2007) (evidence was sufficient to prove armed robbery, where victim identified defendant as the person who showed him a gun, threatened to shoot him, and then took his belongings, even though the officer who arrested defendant shortly after the incident did not find any gun in the defendant's possession); see OCGA §§ 16-8-2 (defining theft by taking); 16-8-41 (a) (defining armed robbery).