**FIFTH DIVISION**
**MCFADDEN, P. J.,**
**GOBEIL and LAND, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

January 5, 2023

# In the Court of Appeals of Georgia

A22A1301. PERRY v. THE STATE.

GOBEIL, Judge.

Following a jury trial, Shalynda Perry was found guilty of one count each of aggravated assault and aggravated battery. Perry appeals from her judgment of conviction and the denial of her motion for new trial, arguing that the evidence was insufficient to support her aggravated battery conviction. She also contends that the trial court committed plain error by failing to instruct the jury that the State bore the burden of disproving Perry's affirmative defense of justification beyond a reasonable doubt. For the reasons explained more fully below, we find that the evidence was sufficient to support Perry's aggravated battery conviction. However, because the trial court plainly erred in its instructions to the jury, we reverse the trial court's denial of Perry's motion for new trial.

"On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, with the defendant no longer enjoying a presumption of innocence." *Reese v. State*, 270 Ga. App. 522, 523 (607 SE2d 165) (2004). We neither weigh the evidence nor judge the credibility of witnesses, but determine only "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SCt 2781, 61 LE2d 560) (1979) (emphasis omitted).

So viewed, the record shows that on the evening of December 1, 2017, several friends and neighborhood acquaintances gathered at the home of Willie Mae Leslie to drink and socialize. Attendees, including the victim, Kenyatta Simmons, gathered outside around a "very hot" 55-gallon fire barrel to keep warm. The top of the barrel was cut off and it was stacked on cinder blocks to keep the bottom from burning out. Perry arrived at Leslie's home between 11 p.m. and midnight.

Several hours later, Perry and her brother began arguing. After the argument, Perry and Simmons, who were friends at the time, exchanged words. Although Simmons, who had had "a lot" to drink that night, could not remember what she said to Perry, she recalled that Perry pushed her and she fell against the barrel as a result.

2

Leslie, who did not witness the events leading up to the altercation because she was inside her home, heard a scuffle and walked outside. There, she observed Perry trying to throw Simmons into the fire barrel. Simmons's stomach sustained severe burns when she made contact with the barrel, which then toppled over. Simmons recounted that she fell to the ground, grabbed a beer bottle, and tried to hit Perry with it. As a result of her injuries, Simmons had two skin grafts.

At trial, Perry testified in her own defense and offered a different version of events. According to Perry, after she and her brother argued, a very-intoxicated Simmons told her she should listen to her brother, to which Perry responded: "Stay out of it." Simmons then waved her lit cigarette near Perry's face, and as Perry tried to push Simmons's hand away, Simmons stumbled and fell. Perry's brother and another individual then tried to walk Simmons home, and Perry turned back toward the fire barrel. Simmons then ran back up the driveway and tried to hit Perry with a beer bottle, which she broke over the barrel. Perry testified that Simmons tried to kick Perry, and as she grabbed her leg, Simmons fell toward the barrel. Perry stated that she did not try to push Simmons into the barrel; rather, she tried to prevent Simmons from hitting her with the bottle but did not intend to harm Simmons.

The jury returned a guilty verdict on both counts. Following a hearing, the trial court denied Perry's motion for new trial, as amended. This appeal followed.

1. Perry first asserts the evidence was insufficient to support her aggravated battery conviction.[1] Specifically, Perry argues the State failed to prove that she maliciously pushed Simmons into the fire barrel. We disagree.

To demonstrate that Perry committed the crime of aggravated battery, the State had to prove that Perry "maliciously cause[d] bodily harm to another by . . . seriously disfiguring [Simmons's] body or a member thereof." OCGA § 16-5-24 (a). "[U]nder Georgia law, a person acts maliciously within the meaning of the aggravated-battery statute when [s]he acts intentionally and without justification or serious provocation." *Hillsman v. State*, 341 Ga. App. 543, 546 (1) (802 SE2d 7) (2017) (citation, punctuation, and emphasis omitted). "Importantly, intent is a question for the jury, which is authorized to consider all other circumstances connected with the act at issue as well as the defendant's words, conduct and demeanor." Id. (citation and punctuation omitted).

---

[1] Perry's aggravated assault conviction merged into the aggravated battery conviction for sentencing purposes, and Perry does not challenge the aggravated assault conviction on appeal.

4

Here, the indictment charged Perry with committing aggravated battery by alleging that she "unlawfully and maliciously cause[d] bodily harm" to Simmons by "seriously disfiguring" her stomach. At trial, the victim testified that Perry pushed her into the fire barrel without provocation, and as a result, her skin began to melt off of her stomach and she had two skin grafts to treat her injuries. Although Perry testified that she pushed Simmons in self-defense, the jury was authorized to disbelieve this testimony and credit Simmons's version of events. See *Buford v. State*, 309 Ga. App. 368, 368-369 (710 SE2d 582) (2011) ("decisions regarding credibility are uniquely the province of the jury"). Accordingly, because the inference of malicious intent was permissible in this case, the evidence authorized the jury to find Perry guilty of aggravated battery. See *Hillsman*, 341 Ga. App. at 546-547 (finding defendant acted with malicious intent where defendant acted intentionally and without justification or serious provocation); *Kinney v. State*, 234 Ga. App. 5, 5, 7-8 (2) (505 SE2d 553) (1998) (malice element of aggravated battery proven where evidence showed that defendant "jerked the [65-year-old victim's] purse back and forth and swung the victim around by the shoulder strap" causing her to fall to the ground, sprain her ankle, and break two bones in her foot). See generally *Strozier v. State*, 254 Ga. App. 528, 529 (1) (562 SE2d 832) (2002) ("a presumption exists that persons of sound

5

mind and discretion intend the natural and probable consequences of their acts")
(citation and punctuation omitted).

2. Perry next argues that the trial court committed plain error by failing to instruct the jury that the State had the burden of disproving her affirmative defenses beyond a reasonable doubt. We agree.

> In the context of jury instruction errors, plain errors are evaluated on appeal under the following four-part test: First, there must be an error or defect — some sort of deviation from a legal rule — that has not been intentionally relinquished or abandoned, i.e., affirmatively waived, by the appellant. Second, the legal error must be clear or obvious, rather than subject to reasonable dispute. Third, the error must have affected the appellant's substantial rights, which in the ordinary case means [s]he must demonstrate that it affected the outcome of the trial proceedings. Fourth and finally, if the above three prongs are satisfied, the appellate court has the discretion to remedy the error — discretion which ought to be exercised only if the error seriously affects the fairness, integrity or public reputation of the judicial proceedings.

*Vasquez v. State*, 306 Ga. 216, 225 (2) (830 SE2d 143) (2019) (citation and punctuation omitted). "Satisfying all four prongs of [the plain error] standard is difficult, as it should be." *State v. Kelly*, 290 Ga. 29, 33 (2) (a) (718 SE2d 232) (2011) (citation and punctuation omitted).

6

At the pre-trial charge conference, the parties agreed that instructing the jury on the State's burden of disproving Perry's justification defense was "a must." After the close of evidence, the parties had a second charge conference, at which the trial court again indicated it would charge the jury on justification based on self-defense. Following closing arguments, the court instructed the jury on justification as follows:

> The fact that a person's conduct is justified is a defense to prosecution for any crime based on that conduct. The defense of justification can be claimed when the person's conduct is justified under use of force in defense of self or others.

> A person is justified in threatening or using force against another person when, and to the extent that, she reasonably believes that such threat or force is necessary to defend herself against the other's imminent use of unlawful force. A person is justified in using force that is intended or likely to cause death or great bodily harm if that person reasonably believes that such . . . force is necessary to prevent death or great bodily injury [to] herself.

> In applying the law of self-defense, a defendant is justified to use force against another person in defense of self or others. The standard is whether circumstances were such that they would excite not merely the fears of the defendant but the fears of a reasonable person. For use of force to be justified under the law, the accused must truly have acted under the influence of these fears and not in the spirit of revenge. What

7

the facts are in this case is a matter solely for you, the jury, to determine given all of the circumstances of this case.

The trial court, however, omitted the portion of the pattern jury charge, which reads: "The State has the burden of proving beyond a reasonable doubt that the Defendant's actions were not justified. If you decide the Defendant's actions were justified, then it would be your duty to find the Defendant not guilty." Suggested Pattern Jury Instructions, Vol. II: Criminal Cases, § 3.10.10.

Because defense counsel failed to object to the trial court's instructions at trial, we review the jury instructions for plain error. See OCGA § 17-8-58 (b) (where a party fails to object to a jury charge or the failure to charge before the jury retires to deliberate, appellate review of an unobjected-to jury charge is precluded "unless such portion of the jury charge constitutes plain error which affects substantial rights of the parties").

The State acknowledges that the first two prongs of the plain-error test have been satisfied. See *Mosby v. State*, 300 Ga. 450, 451 (1) (796 SE2d 277) (2017) ("When a defendant effectively raises an affirmative defense such as [justification based on] self-defense the State bears the burden of disproving the asserted defense beyond a reasonable doubt.").

As to the third and fourth prongs, Perry argues the absence of the instruction regarding the State's burden affected her substantial rights because the evidence was close, pitting Perry's version of events against the victim's, and therefore the jury could have found Perry not guilty had the trial court properly instructed the jury. The State counters that because the instructions, taken as a whole, properly informed the jury on the State's burden of proof and that Perry had a right to use force in a reasonable manner to defend herself, she has failed to establish plain error.

Here, justification based on self-defense was the critically disputed issue at trial. The victim testified that she and Perry had argued, but Perry pushed her into the fire barrel without provocation. Conversely, Perry testified that the victim was very intoxicated, charged at Perry with a beer bottle, and that Perry inadvertently pushed her into the barrel only to avoid serious injury. The only three other witnesses who were present on the night in question did not observe the start of the physical altercation or know what precipitated the fight. Under these circumstances, the trial court's failure to instruct the jury on the State's burden to disprove Perry's defense of justification constituted plain error. See *State v. Alvarez*, 299 Ga. 213, 215 (1) (790 SE2d 66) (2016) (holding that trial court's failure to instruct the jury on the State's burden of proof on justification likely affected the outcome of proceeding and

9

rejecting State's challenge to credibility of defendant's justification defense where sufficient evidence supported the defense, and only defense raised at trial was justification based on self-defense); *Bishop v. State*, 271 Ga. 291, 291-292 (2) (519 SE2d 206) (1999). Accord *Parker v. State*, 230 Ga. App. 578, 579-580 (2) (497 SE2d 62) (1998) (noting that failure to instruct jury that State had burden of proving absence of elements of defendant's justification defense was "critical omission[ ] [that] could lead the jury to conclude that it was defendant's obligation to prove his justification for his actions against [victim]") (citation and punctuation omitted).

Accordingly, we reverse the trial court's denial of Perry's motion for new trial.[2]

*Judgment reversed. McFadden, P. J., and Land, J., concur.*

---

[2] Based on our conclusion in Division 1, supra, that the evidence was sufficient to support Perry's aggravated battery conviction, and our reversal is instead "based upon 'trial error,' double jeopardy does not bar retrial." *Wadley v. State*, 317 Ga. 333, 337 (2) (730 SE2d 536) (2012) (citation and punctuation omitted).